**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH TEICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4425 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| US FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Joseph Teich, working and living in Florida, suffered a series of events that caused him depression and anger problems, and, one day, he lost his temper while working. His employer, Defendant US Foods, Inc. ("US Foods"), terminated him. Teich alleges that US Foods violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, because US Foods never offered him FMLA leave even though it knew he was suffering from a serious medical condition. US Foods moves to transfer the case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to dismiss the case for failure to state a claim. Although Teich signed nondisclosure and noncompete agreements with US Foods that fixed venue for claims arising from those agreements in Chicago, Illinois, Teich's claim does not arise from those agreements so the agreements' forum selection clauses are inoperative here. And although US Foods is headquartered in this District, the convenience of the parties and the interests of justice favor transfer; the Court thus grants US Foods' motion to transfer and transfers Teich's suit to the Middle District of Florida. Accordingly, the Court leaves the issue of US Foods' motion to dismiss to that court's determination.

## BACKGROUND[1]

For nearly twenty years, Teich worked for US Foods, headquartered in Rosemont, Illinois.  He was a senior territory manager in Port Orange, Florida.  In 2015 Teich lost his father and began treatment for emotional stress.  Then in 2016, his commissions decreased in a new pay system.  In November 2016, he informed his district manager that he was suffering from mental health issues.  While undergoing mental health treatment, in January 2017, Teich informed his regional manager that he was angry about the new pay structure and seeking treatment in anger management.  In April 2017, while making a bank deposit for US Foods, Teich "lost his cool." Doc. 1 ¶ 31.  In May 2017, Teich met with the vice president of sales and human resource manager to discuss his behavior, and during the meeting he informed them he was participating in mental health treatment.  Two weeks later, the vice president of sales and the district manager terminated Teich because corporate had learned of the incident where he lost his temper.

Teich's former supervisors and managers work in Florida.   Two US Foods employees involved in the decision to terminate Teich work in Port Orange and one, the regional human resources business partner, works in Charlotte, North Carolina.

During his tenure at US Foods, Teich signed Non-Solicitation and Non-Disclosure Agreements ("NDAs").  The NDAs restrict Teich's ability to disclose US Foods' confidential information and prevent him from soliciting customers and employees.  In his NDAs for 2011 through 2016, the NDAs stated: "The exclusive venue for any litigation between [Teich] and [US Foods] based upon any fact, matter or claim arising out of or relating to this Agreement shall be

---

[1] In addressing US Foods' motion to transfer, the Court is not limited to the pleadings.  *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).  The Court resolves all factual conflicts and draws all reasonable inferences in Teich's favor.  *Harris v. comScore, Inc.*, 825 F. Supp. 2d 924, 926 (N.D. Ill. 2011).

the state or federal courts located in Chicago, Illinois[.]" Doc. 22-4 ¶ 19; Doc. 22-5 ¶ 19; Doc. 22-6 ¶ 19; Doc. 22-7 ¶ 19; Doc. 22-8 ¶ 19; Doc. 22-9 ¶ 19.

## ANALYSIS

### I.  Motion to Transfer

Section 1404(a) states that the Court may transfer venue to another district "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To support transfer, US Foods must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). US Foods bears the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

The parties do not dispute that venue is proper in this District, but Teich argues that the parties agreed that his suit only belongs here. The NDAs' forum selection clause states that "[t]he exclusive venue for any litigation between [Teich] and [US Foods] based upon any fact, matter or claim arising out of or relating to this Agreement, including any contractual, statutory, tort, or common law claims, shall be the state or federal courts located in Chicago, Illinois[.]" *E.g.*, Doc. 22-9 ¶ 19. The governing law of the NDAs is the law "of the state in which [Teich] resided at the time" he executed the NDAs. *Id.* That state appears to be Florida. Under Florida law, "the phrase 'arising out of' is not ambiguous and has a broad meaning," meaning

"'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" *Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1349 (11th Cir. 2017) (quoting *Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.*, 913 So. 2d 528, 529 (Fla. 2005)). Teich's FMLA claims allege that US Foods failed to inform him of his FMLA rights or to offer him FMLA leave. Despite the broad definition of "arising out of" under Florida law, Teich's allegations do not arise out of or relate to his agreements to keep US Food information confidential and to not solicit employees or customers post-employment. Therefore, the Court finds that Teich and US Foods did not agree to limit venue for his pending claim to this District.

The next issue is whether venue is proper in the proposed transferee district, the Middle District of Florida. Venue is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). US Foods argues that the events giving rise to Teich's claim occurred in the Middle District of Florida. Teich does not argue that they did not nor could he. Teich worked out of Port Orange, located in the Middle District of Florida. He says he was denied information or actual rights under the FMLA by US Food supervisors and managers who worked in Port Orange and Jacksonville, also in the Middle District of Florida. And although directed from corporate headquarters, two employees in Port Orange and one in North Carolina made the decision to terminate Teich. The Court finds that because a substantial part of the

4

events giving rise to Teich's claim occurred in the Middle District of Florida, venue is proper there.

The Court next addresses the convenience of the parties and the witnesses. In evaluating the convenience of the parties and witnesses, the Court considers "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

First, courts typically give a plaintiff's choice of forum substantial deference. *Id.* This deference is lessened "where the plaintiff's chosen forum is not the plaintiff's home forum or has relatively weak connections with the operative facts giving rise to the litigation." *Body Sci. LLC. v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012). This District is not Teich's home forum, and, as discussed above, most of the operative facts giving rise to the litigation occurred in the Middle District of Florida. Teich argues that the decision to terminate him was made at US Foods' headquarters in Rosemont. *See* Doc. 1 ¶ 42 ("From Rosemont, Illinois Defendant directed Plaintiff's termination."). But Teich alleges that most wrongful acts occurred in Florida. The Court finds that the operative facts have a weak connection to this District and so, this factor is neutral.

Second, with respect to the situs of material events, Teich's FLSA claim is based on US Foods' failure to notify him of his rights under the FLSA and its failure to offer him leave. These events occurred in Florida, in or around Port Orange. Teich does allege that US Foods directed his termination from US Foods' headquarters in Illinois. But the crux of Teich's claim

5

is that US Foods failed to inform Teich of and give him rights under the FMLA, not that his termination violated the FMLA.  This factor favors transfer.

Third, US Foods also argues that ease of access to proof in the Middle District of Florida warrants a transfer.  The parties do not focus on the ease of access to documents, which would not weigh heavily on the transfer question because such documents are presumed to be easily transportable.  *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N. D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town.").  Instead, US Foods argues that testimonial witnesses largely reside and work in Florida.  The residence of witnesses can be considered when determining the ease of access to proof.  *ORD Structure Innovations, LLC v. Oracle Corp.*, No. 11 C 3307, 2011 WL 4435667, at *3 (N.D. Ill. Sept. 22, 2011).  But as the majority of the emphasis on this factor is on documentary evidence, *Kjaer Weis v. Kimsaprincess Inc.*, --- F. Supp. 3d ----, 2017 WL 4882336, at *4 (N.D. Ill. Oct. 30, 2017), the Court addresses the residence of witnesses with the convenience of the witnesses, below, *ORD Structure Innovations*, 2011 WL 4435667, at *3.  Therefore, this factor is neutral.

Fourth, is the convenience of the witnesses, which is "often viewed as the most important factor in the transfer balance."  *Brandon Apparel Grp.*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)).  US Foods "must specify the key witnesses to be called and 'make at least a generalized statement of what their testimony would . . . include."  *Kjaer Weis*, 2017 WL 4882336, at *4 (quoting *Heller Fin., Inc.*, 883 F.2d at 1293) (alteration in original).  "In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case."  *Id.*  US Foods argues that it plans to call

Teich's former managers and co-workers no longer employed at US Foods and the individuals at the bank who observed and reported Teich's outburst that led to his termination. These witnesses would be able to describe Teich's mental state and actions but not likely any discussions Teich had about FMLA leave. US Foods points out these non-party witnesses all live in Florida. Teich argues that his own fact witnesses show that Florida is not the most convenient location for non-party witnesses. He says he has more than fifty witnesses and record custodians, but he only identifies thirteen. And of those he does identify, he identifies US Foods employees in locations across the country, only four of whom are located in Illinois. Further what matters "is not only the number of witnesses located in each forum but also the nature and importance of their testimony." *Preston v. Am. Honda Motor Co.*, No. 17 C 3549, 2017 WL 5001447, at *5 (N.D. Ill. Nov. 2, 2017). US Foods points out non-party witnesses who will give critical testimony about Teich's outburst at the bank and about his time at US Foods, which may be significant because Teich claims that his behavior should have caused US Foods to provide him FMLA leave and counseling. It also stands to reason that witnesses in Florida will have more pertinent testimony about Teich's behavior and condition while he was in Florida than other witnesses. This factor favors transfer.

Fifth the Court considers the convenience of the parties, particularly "the residences and resources of the parties—in essence, their 'abilit[y] to bear the expense of trial in a particular forum.'" *Kjaer Weis*, 2017 WL 4882336, at *6 (quoting *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995)) (alteration in original). Teich lives in the Middle District of Florida, but he wants his case heard in this District. US Foods' resides as a corporation in this District, but it wants this case decided in the Middle District of Florida. The parties want to litigate in each other's home districts. But while Teich has no connection to

Illinois and this District, US Foods has a connection to the Middle District of Florida because it has established a hub of business there that would be disrupted by sending employees to Illinois for trial. It would be slightly more inconvenient for US Foods to litigate this case in this District than it would be for Teich to litigate this case in the Middle District of Florida. This factor is neutral or slightly favors transfer.

Finally, the Court weighs the "interest of justice." "The 'interest of justice' factor captures several considerations, most importantly the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; and the state of the court calendars in the district where the case is pending and to which it is sought to be transferred." *Braddock v. Jolie*, No. 11-CV-8597, 2012 WL 2282219, at *4 (N.D. Ill. June 15, 2012). Courts also review "the court's familiarity with the applicable law, and the relationship of the communities to the litigation." *Prokop v. Stonemor Partners LP*, No. 09 CV 4323, 2009 WL 3764103, at *6 (N.D. Ill. Nov. 9, 2009). US Foods argues that Florida has a stronger interest in this case than Illinois. But both districts have familiarity with the FMLA, *Wolfe v. TCC Wireless, LLC*, No. 16 C 11663, 2017 WL 1393068, at *1 (N.D. Ill. Apr. 11, 2017) (finding nothing to suggest that one federal district had a stronger familiarity with the FMLA than another), and the Court does not buy US Foods' argument that Florida has a stronger interest in ensuring its citizens receive all the protections of the FMLA than Illinois' interest in ensuring that its corporations provide all necessary benefits under the FMLA. Both states would want the FMLA followed and enjoyed by their residents regardless whether the resident is an employer or an employee.

Still, as discussed, there are other factors to consider. The ease of access to proof is neutral to slightly in favor of the Middle District of Florida, and the availability of compulsory

8

process favors the Middle District of Florida as well, where subpoenas will reach Florida residents in ways that subpoenas from this District will not.  The cost of obtaining witness appearances will also be lower in the Middle District of Florida because nearly all the witnesses reside there or closer to there than Illinois.  Finally, the courts' calendars favor transfer.  As of March 31, 2017, the Middle District of Florida has 6,491 civil cases pending as opposed to 16,203 civil cases pending before the Northern District of Illinois.  *See* http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c1_0331.2017.pdf.  And the median time for disposition is 7.1 months in the Middle District of Illinois as opposed to 7.3 months in the Northern District of Illinois. *See* http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2017.pdf.  In total, the interest of justice favors transfer.

US Foods has demonstrated that the combination of the interest of justice, the convenience to non-party witnesses, and the situs of material events in Florida favors transfer. The Court finds that transfer under § 1404(a) is appropriate and transfers the case to the Middle District of Florida.

**II.       Motion to Dismiss**

Because the Court orders the transfer of this case, the Court does not address US Foods' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court grants US Foods' motion to transfer or, alternatively, to dismiss [16], which mooted US Foods' prior notice misfiled as a motion [10]. The Court directs the Clerk to transfer this case to the Middle District of Florida.

Dated: January 22, 2018

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SARA L. ELLIS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge